BENJAMIN T.G. NIVISON (*pro hac vice application forthcoming*)
bnivison@rvflegal.com
C. N. COBY COHEN (OSB # 116564)
ccohen@rvflegal.com
**ROSSI VUCINOVICH PC**
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
T: (425) 646-8003
F: (425) 646-8004
Attorneys for Plaintiff
MAUREEN E. BAKER

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| MAUREEN E. BAKER, as Personal Representative of the ESTATE OF BARNABY DUPUIS BAKER and on behalf of all beneficiaries thereof, a resident of Washington,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH & SCIENCE UNIVERSITY, an Oregon public corporation, RODNEY F. POMMIER, M.D., an Oregon healthcare provider, GLENN I. PEARSON, CRNA, an Oregon healthcare provider; KATIE J. SCHENNING, M.D., an Oregon healthcare provider, and DOE DEFENDANTS 1-5,<br><br>Defendants. | CASE NO. 3:24-cv-709<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

  COMES NOW Plaintiff Maureen E. Baker, as duly appointed Personal Representative of the Estate of Barnaby D. Baker and on behalf of all statutory beneficiaries thereof, and for complaint and causes of action against Defendants Oregon Health & Science University, Rodney F. Pommier, M.D., Glenn I. Pearson, CRNA, Katie J. Schenning, M.D., and Doe Defendants 1-5 hereby states, alleges, and avers as follows:

**COMPLAINT - Page 1 of 10**
**Case No.: 3:24-cv-709**

ROSSI VUCINOVICH PC
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
Ph: (425) 646-8003 | Fax (425) 646-8004

## NATURE OF ACTION

1. This is an action for wrongful death arising from the medical negligence of Defendants Dr. Pommier, Dr. Schenning, Nurse Anesthetist Pearson, and their employer and/or principal Defendant OHSU, as well as certain involved but as-yet unidentified Doe Defendants, which negligence proximately caused the death of decedent Barnaby D. Baker on April 27, 2022.

2. On that date, decedent Mr. Baker presented for an elective umbilical hernia repair surgery, to be performed by Dr. Pommier at an OHSU surgery center.

3. As a proximate result of Defendants' negligence in selecting, administering, and monitoring anesthesia to Mr. Baker during this simple surgical procedure, among other potential acts of negligence, he suffered an intraoperative cardiac event and died.

4. This case is brought by Plaintiff as personal representative of Mr. Baker's Estate, on behalf of all statutory beneficiaries for Mr. Baker, pursuant to ORS 30.020(1).

5. Defendants are liable to Plaintiff and the statutory beneficiaries of the Estate for all damages permissible by law, including specifically such damages as provided by ORS 30.020(2), in amounts to be determined at trial.

## PARTIES

6. Plaintiff Maureen E. Baker is a natural person and resident of the State of Washington, and is the surviving lawful spouse of decedent Barnaby D. Baker.

7. Plaintiff Maureen E. Baker was duly appointed as Personal Representative of the Estate of Barnaby D. Baker by the Superior Court of the State of Washington, in and for King County, on or about September 7, 2022, under Cause No. 22-4-06221-2 SEA.

8. Prior to his death, decedent Baker was a natural person and resident of the State of Washington.

COMPLAINT - Page 2 of 10
Case No.: 3:24-cv-709

ROSSI VUCINOVICH PC
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
Ph: (425) 646-8003 | Fax (425) 646-8004

9. Defendant Oregon Health & Science University (OHSU) is a public corporation formed and existing by the laws of the State of Oregon (ORS 353.020). It is present and transacting business in the State of Oregon and in this judicial district.

10. Defendant Rodney F. Pommier, M.D. is a natural person and healthcare provider who is licensed to practice medicine by the State of Oregon, and who, on information and belief, is a resident of the State of Oregon. He is present and transacting business in the State of Oregon and in this judicial district.

11. Defendant Glenn I. Pearson, CRNA is a natural person and healthcare provider who is licensed to provide nurse anesthetist services in the State of Oregon, and who, on information and belief, is a resident of the State of Oregon. He is present and transacting business in the State of Oregon and in this judicial district.

12. Defendant Katie J. Schenning, M.D. is a natural person and healthcare provider who is licensed to practice medicine by the State of Oregon, and who, on information and belief, is a resident of the State of Oregon. She is present and transacting business in the State of Oregon and in this judicial district.

13. Doe Defendants 1-5 are persons or entities whose true names and identities are not known to Plaintiff at this time. These defendants may include additional healthcare providers who provided perioperative healthcare to decedent Mr. Baker, such as resident physicians, nurses, and/or technicians, as well as others involved in provision of the healthcare at issue in this matter. On information and belief, these defendants, and each of them, are residents of the State of Oregon, and/or are present and transacting business in the State of Oregon and in this judicial district.

**COMPLAINT - Page 3 of 10**
**Case No.: 3:24-cv-709**

ROSSI VUCINOVICH PC
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
Ph: (425) 646-8003 | Fax (425) 646-8004

## JURISDICTION & VENUE

14. This Court has jurisdiction over the subject matter of this claim, pursuant to 28 U.S.C. § 1332(a), because the parties hereto are residents of different states and because the amount in controversy herein exceeds the threshold requirement set forth by statute.

15. This Court has personal jurisdiction over Defendant OHSU because it is a public corporation formed and existing pursuant to the laws of the State of Oregon, because its principal place of business is within this judicial district, because its registered agent for service of process is located within this judicial district, and because it is present and transacting business in this judicial district.

16. Pursuant to the Oregon Tort Claims Act, Defendant OHSU is subject to suit for the acts and omissions herein alleged.

17. Pursuant to ORS 30.275, pre-suit notice of claim was timely supplied to Defendant OHSU, via letter dated March 16, 2023

18. Receipt of this letter which was acknowledged by Defendant OHSU by letter dated March 23, 2023.

19. This Court has personal jurisdiction over Defendant Dr. Pommier because he is a physician licensed to practice medicine in the State of Oregon, because he is present and transacting business in this judicial district, because he is—on information and belief—a resident of the State of Oregon, and because for all purposes herein he purposefully availed himself of the protections of the laws of the State of Oregon via regular systematic contacts with this State, such that the exercise of personal jurisdiction by this Court does not offend traditional notions of fair play and substantial justice.

20. This Court has personal jurisdiction over Defendant Pearson because he is a nurse licensed to provide healthcare services in the State of Oregon, because he is present and transacting business in this judicial district, because he is—on information and belief—a resident of the State of Oregon, and because for all purposes herein he purposefully availed himself of the protections of the

COMPLAINT - Page 4 of 10
Case No.: 3:24-cv-709

ROSSI VUCINOVICH PC
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
Ph: (425) 646-8003 | Fax (425) 646-8004

laws of the State of Oregon via regular systematic contacts with this State, such that the exercise of personal jurisdiction by this Court does not offend traditional notions of fair play and substantial justice.

21. This Court has personal jurisdiction over Defendant Dr. Schenning because she is a physician licensed to practice medicine in the State of Oregon, because she is present and transacting business in this judicial district, because she is—on information and belief—a resident of the State of Oregon, and because for all purposes herein she purposefully availed himself of the protections of the laws of the State of Oregon via regular systematic contacts with this State, such that the exercise of personal jurisdiction by this Court does not offend traditional notions of fair play and substantial justice.

22. On information and belief, this Court has personal jurisdiction over Doe Defendants 1-5, and each of them, because each such defendant is licensed to provide healthcare services in the State of Oregon, because each such defendant is present and transacting business in this judicial district, because each such defendant is—on information and belief—a resident of the State of Oregon, and because for all purposes herein each such defendant purposefully availed themselves of the protections of the laws of the State of Oregon via regular systematic contacts with this State, such that the exercise of personal jurisdiction by this Court does not offend traditional notions of fair play and substantial justice.

## GENERAL ALLEGATIONS

23. On April 27, 2022, Mr. Barnaby ("Barney") Baker presented to Defendant Dr. Pommier for an elective umbilical hernia repair surgery at an OHSU facility in Portland, Oregon.

24. Defendant Dr. Pommier was primary assigned surgeon for this procedure.

25. Defendant Dr. Pommier was an employee and/or agent of Defendant OHSU for purposes of the medical services he provided to Mr. Baker on April 27, 2022.

26. Defendant Dr. Schenning was the assigned anesthesiologist for this procedure.

COMPLAINT - Page 5 of 10
Case No.: 3:24-cv-709

ROSSI VUCINOVICH PC
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
Ph: (425) 646-8003 | Fax (425) 646-8004

27. Defendant Dr. Schenning was an employee and/or agent of Defendant OHSU for purposes of the medical services she provided to Mr. Baker on April 27, 2022.

28. Defendant Glenn Pearson was the assigned CRNA for this procedure, and was the provider who actually administered anesthesia medications to Mr. Baker preoperatively and intraoperatively.

29. Defendant Glenn Pearson was an employee and/or agent of Defendant OHSU for purposes of the medical services he provided to Mr. Baker on April 27, 2022.

30. On information and belief, Doe Defendants 1-5, and each of them, were involved in the perioperative care of Mr. Baker on April 27, 2022, and provided medical care to him associated with the subject surgery.

31. Medications administered to Mr. Baker intraoperatively included fentanyl, propofol, rocuronium, dexamethasone, and ondansetron, among others.

32. Several of these medications were given repeatedly, and in improper doses under the circumstances.

33. Mr. Baker suffered an intraoperative adverse reaction to the anesthesia medications that were administered to him.

34. Specifically, approximately two hours into this surgery, Mr. Baker began to demonstrate cardiac distress, including ventricular tachycardia, among other things.

35. This is a known and established adverse reaction to one or more of the anesthesia medications administered to Mr. Baker.

36. The surgical team called a code at approximately 1536 hours.

37. Tragically, Mr. Baker could not be resuscitated, and he was declared dead at 1610 hours.

38. Mr. Baker had been cleared for surgery by Defendants and/or their agents or delegees, prior to initiating this surgery.

**COMPLAINT - Page 6 of 10**
**Case No.: 3:24-cv-709**

ROSSI VUCINOVICH PC
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
Ph: (425) 646-8003 | Fax (425) 646-8004

39. Mr. Baker died intestate.

40. Mr. Baker has multiple surviving statutory beneficiaries for purposes of this action, including a surviving spouse and two sons.

41. To the extent that any person or entity is at fault in this case, Plaintiff and the decedent are fault-free.

### FIRST CAUSE OF ACTION – Medical Negligence / Wrongful Death

42. Defendants, and each of them, owed decedent Baker the duty to comply with the applicable standard of care in the provision of medical care to him.

43. Defendants, and each of them, breached this duty to comply with the applicable standard of care, including in the selection, administration, and/or monitoring of the anesthesia care provided to Mr. Baker perioperatively, among other things.

44. As a proximate result of these breaches of the applicable standard of care, Mr. Baker suffered cardiac arrest and died.

45. As a proximate result of his untimely and wrongful death, Mr. Baker's statutory beneficiaries have suffered economic and noneconomic damages, in amounts to be proven at trial.

46. As a proximate result of his untimely and wrongful death, the Estate has suffered economic damages in amounts to be proven at trial.

### SECOND CAUSE OF ACTION – *Res Ipsa Loquitur*

47. The injury suffered by Mr. Baker intraoperatively—namely, sudden unexplained cardiac arrest and death of a similarly-situated patient under general anesthesia during routine elective surgery—does not ordinarily occur in the absence of negligence by one or more members of the care team.

48. The instrumentalities of the surgery, including all medications, anesthesia, monitoring equipment, and surgical tools, were in the exclusive control of the defendants.

**COMPLAINT - Page 7 of 10**
**Case No.: 3:24-cv-709**

ROSSI VUCINOVICH PC
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
Ph: (425) 646-8003 | Fax (425) 646-8004

49. Mr. Baker did not cause or contribute to his own death in any way, as he was unconscious and sedated at the time of the care at issue.

50. The doctrine of *res ipsa loquitur* applies in this case, such that Plaintiff is entitled to an inference that negligence on the part of the defendants caused Mr. Baker's death.

51. As a proximate result of Defendants' negligence and Mr. Baker's untimely and wrongful death, Mr. Baker's statutory beneficiaries have suffered economic and noneconomic damages, in amounts to be proven at trial.

52. As a proximate result of Defendants' negligence and Mr. Baker's untimely and wrongful death, the Estate has suffered economic damages in amounts to be proven at trial.

## THIRD CAUSE OF ACTION – Vicarious Liaiblity / *Repondeat Superior*

53. For purposes of the medical care provided to decedent Baker as alleged herein, Defendant OHSU employed and/or served as principal for Defendant Dr. Pommier.

54. For purposes of the medical care provided to decedent Baker as alleged herein, Defendant OHSU employed and/or served as principal for Defendant Pearson.

55. For purposes of the medical care provided to decedent Baker as alleged herein, Defendant OHSU employed and/or served as principal for Defendant Dr. Schenning.

56. On information and belief, tor purposes of the medical care provided to decedent Baker as alleged herein, Defendant OHSU employed and/or served as principal for Doe Defendants 1-5, and each of them.

57. As employer and/or principal for the individual healthcare provider defendants herein, Defendant OHSU is vicariously liable for any tortious acts or omissions of these individual healthcare providers, as otherwise alleged herein, and all damages caused thereby.

**COMPLAINT - Page 8 of 10**
**Case No.: 3:24-cv-709**

ROSSI VUCINOVICH PC
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
Ph: (425) 646-8003 | Fax (425) 646-8004

58. Pursuant to ORS 30.267, Defendant OHSU has assumed responsibility for the full scope of all patient care activities performed by the individual healthcare defendants here, with regard to the medical care provided to decedent Baker on April 27, 2022.

## DEMAND FOR JURY TRIAL

59. Pursuant to Fed. R. Civ. P. 38 and LCR 38, Plaintiffs hereby demand a jury trial on all issues in this case triable by a jury.

## PRAYER FOR RELIEF

60. Having stated the foregoing causes of action, Plaintiff respectfully requests entry of judgment as follows:

   a. In favor of Plaintiff, on behalf of the Estate and all statutory beneficiaries herein, and against Defendants, jointly and severally to the extent permitted by law, for past and future economic damages, in amounts to be proven at trial.

   b. In favor of Plaintiff, on behalf of all statutory beneficiaries herein, and against Defendants, jointly and severally to the extent permitted by law, for past and future non-economic damages, in amounts to be proven at trial.

   c. In favor of Plaintiff, on behalf of all statutory beneficiaries herein, and against Defendants, jointly and severally to the extent permitted by law, for pre- and post-judgment interest, to the extent permitted by law;

   d. In favor of Plaintiff, on behalf of all statutory beneficiaries herein, and against Defendants, jointly and severally to the extent permitted by law, for all taxable costs permitted by law; and

**COMPLAINT - Page 9 of 10**
**Case No.: 3:24-cv-709**

ROSSI VUCINOVICH PC
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
Ph: (425) 646-8003 | Fax (425) 646-8004

e.  Such other relief as the Court may deem just and equitable under the circumstances.

DATED:  April 25, 2024

*/s/ C. N. Coby Cohen*

BENJAMIN T. G. NIVISON (*pro hac vice forthcoming*)
C. N. COBY COHEN (OSB # 116564)
Attorneys for Plaintiff
Maureen E. Baker

**COMPLAINT - Page 10 of 10**
**Case No.: 3:24-cv-709**

ROSSI VUCINOVICH PC
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
Ph: (425) 646-8003 | Fax (425) 646-8004